UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) C. A. No. _____ ) ) |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, and ALLSTATE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION**

Philadelphia Indemnity Insurance Company ("PIIC"), by and through its undersigned counsel, brings this Complaint for Declaratory Relief and Equitable Contribution pursuant to 28 U.S.C. §§2201 *et seq.* and *Fed. R. Civ. P.* 57, to resolve an actual controversy between the parties concerning the rights, obligations and liabilities of PIIC, Allstate Fire and Casualty Insurance Company and Allstate Insurance Company[1] to the defendant in an underlying action styled *Jose R. DeDeus and Gabriella DeDeus, Plaintiffs -against- Joseph Fabris, Defendant,* filed November 6, 2017 in the United States District Court for the District of Connecticut, Civil Action No. 3:17-cv-01862 (hereafter the "Underlying Action") under their respective insurance policies.

PIIC also brings this action to obtain equitable contribution and/or subrogation from Allstate for defense, settlement and/or other indemnification costs that PIIC has incurred or will incur on behalf of their mutual insured in connection with the Underlying Action given Allstate's

---

[1] Allstate Fire and Casualty Insurance Company and Allstate Insurance Company are referred to collectively as "Allstate" except where specifically noted otherwise.

refusal to afford defense and indemnity coverage to Joseph Fabris concerning the claims asserted against him in the Underlying Action, and its refusal to cooperate with PIIC and Mr. Fabris' defense counsel in the attempt to resolve the Underlying Action before trial.

In support of its requests for relief, PIIC alleges as follows:

## PARTIES

1. The Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), is an insurance company incorporated in the Commonwealth of Pennsylvania with a principal place of business at One Bala Plaza in Bala Cynwyd, Pennsylvania.

2. The Defendant, Allstate Fire and Casualty Insurance Company ("Allstate F&C"), is an insurance company incorporated in the State of Illinois with a principal place of business in Northbrook, Illinois.

3. The Defendant, Allstate Insurance Company ("Allstate"), is an insurance company incorporated in the State of Illinois with a principal place of business in Northbrook, Illinois.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this Action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the events giving rise to the actual controversy between the parties regarding their respective rights and obligations concerning the claims asserted against their mutual insured in the Underlying Action occurred in this District, and the defendants regularly conduct business in this District.

## FACTS

6. The Underlying Action was commenced by the filing of a Complaint, a copy of which is attached hereto as Exhibit A, and hereinafter referred to as the "Underlying Complaint".

7. The Underlying Complaint alleged that on December 31, 2015 Joseph Fabris engaged Jose R. DeDeus to assist Mr. Fabris in removing limbs from a tree that was located on Mr. Fabris' property and that the defendant attempted to remove the tree limb from the tree in an unsafe and dangerous number. Exh. A, ¶¶ 9, 12[b]. The Underlying Complaint also alleged that Mr. Fabris caused one end of a rope to be affixed to one of the limbs he was trying to remove from the tree, and the other end to be affixed to a motor vehicle, and that Mr. Fabris then "put his foot on the accelerator and moved the aforementioned motor vehicle … in such a manner that the aforementioned tree limb struck the plaintiff, who was standing on a ladder in the area of the limb, causing the plaintiff, JOSE DEDEUS, to fall some twenty feet to the ground.. Id., ¶11. As a result, Mr. DeDeus alleges that he sustained severe bodily injury and other damages in the sum of Five Million ($5,000,000.00) Dollars. Id., ¶13-16. The Civil Cover Sheet in the Underlying Action, attached hereto as Exhibit B, contains a Five Million ($5,000,000.00) Dollar Demand.

8. Before Mr. DeDeus' accident on December 31, 2015, Allstate Fire and Casualty Insurance Company had issued an automobile insurance policy, Number 925462275, to its Named Insureds, Joseph Fabris and Tina Marie Fabris McGuire, with a policy period beginning November 12, 2015 through May 12, 2016 at 12:01 standard time (copy attached hereto as Exhibit C, hereafter referred to as the "Allstate Auto Policy"). The Allstate Auto Policy provides bodily injury and other coverage according to its terms, with liability limits of One Hundred Thousand ($100,000.00) Dollars per person.

9. Before Mr. DeDeus' accident on December 31, 2015, Allstate Insurance Company had issued a "Deluxe Plus Homeowners Policy," Number 084877690 02/28, to its Named Insureds, Joseph F and Tina Marie Fabris McGuire, with a policy period beginning February 28, 2015 with no fixed date of expiration (copy attached hereto as Exhibit D, hereafter referred to as the "Allstate HO Policy"). The Allstate HO Policy provides bodily injury liability limits of One Hundred Thousand ($100,000.00) Dollars per occurrence.

10. Before Mr. DeDeus' accident on December 31, 2015, Allstate Insurance Company had issued a "Personal Umbrella Policy," Number 0848777743 02/28, with a policy period beginning February 28, 2015 with no fixed date of expiration (copy attached hereto as Exhibit E, hereafter referred to as the "Allstate PUP Policy"). The Allstate PUP Policy provides bodily injury and other coverage according to its terms, with a liability limit of $5,000,000 per occurrence.

11. Allstate retained the law firm of O'Donnell, McDonald & Cregeen, LLC to defend Mr. Fabris in the Underlying Action. Attorney James O'Donnell of that law firm entered his appearance on behalf of Mr. Fabris on February 5, 2018; and filed an answer to the Underlying Complaint on March 1, 2018. A copy of the answer to the Underlying Complaint is attached hereto as Exhibit F and hereafter referred to as the "Underlying Answer."

12. On or before February 14, 2018 Allstate instructed Attorney O'Donnell to tender Mr. Fabris' defense in the Underlying Action to PIIC.

13. Before Mr. DeDeus' accident on December 31, 2015, PIIC had issued a Business Auto Policy No. PHPK1318516 to McGuire's Service Corp., 626 5th Ave., Larchmont, NY 10538-1945 ("McGuire's") for the policy period 04/08/2015 to 04/08/2016 (copy attached hereto as Exhibit G, hereafter referred to as the "the PIIC Auto Policy"). The PIIC Auto Policy

provides bodily injury and other coverage according to its terms, with combined single liability limits of One Million ($1,000,000.00) Dollars per occurrence.

14.     The PIIC Auto Policy contains a Business Auto Coverage Form, Commercial Auto CA 00 01 03 06, which includes a section entitled "Section II- Liability Coverage." Section II - Liability Coverage provides that PIIC will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

15.     When Allstate tendered Mr. Farbris' defense to PIIC, PIIC understood that the motor vehicle to which a rope was allegedly attached was owned by McGuire's, is listed on the Schedule of Covered Autos McGuire owns on the PIIC Auto Policy, and that Mr. Fabris had permission to use the vehicle around the time Mr. DeDeus' accident happened.  Accordingly, PIIC accepted Allstate's tender of Mr. Fabris' defense in the Underlying Action under the PIIC Auto Policy, and retained the law firm of Cooney, Scully & Dowling to defend Mr. Fabris in the Underlying Action. Attorney Kay Williams of that law firm entered an appearance on behalf of Mr. Fabris on September 11, 2018.  Attorney Robert Clemente of that law firm subsequently entered an appearance and is listed on the Court's Docket as "LEAD ATTORNEY" for Mr. Fabris in the Underlying Action.  Attorneys Williams and Clemente and their law firm have continued to defend Mr. Fabris in the Underlying Action under the PIIC Auto Policy since accepting Allstate's tender.

16.     In the section of the Underlying Answer setting forth Affirmative Defenses (Exh. F, page 4, ¶8), Mr. Fabris alleged it was Mr. DeDeus who chose a method of tree limb removal that he knew or should have known exposed him to an unreasonable risk of harm, that Mr. DeDeus failed to properly secure the ladder on which he was working, and that Mr. DeDeus

knew or should have known that the work posed an unreasonable risk of harm given the materials, methods and manner he had chosen to perform that work and assumed the risk. Id., ¶¶8[a], 8[g]. Mr. Fabris also alleged that Mr. DeDeus requested him to move the truck forward because a co-worker could not drive it, but fell before he had instructed Mr. Fabris to move the vehicle. Id., ¶¶5, 6.

17. On May 10, 2019 Mr. Fabris' counsel filed a motion in the Underlying Action to amend the Underlying Complaint. A copy of the motion is attached hereto as Exhibit H.

18. DeDeus' Motion to Amend the Underlying Complaint references the following sworn testimony which Mr. DeDeus gave at his deposition on January 28, 2019:

> "What happened is that --- Now comes the problem Joe---- I was supposed to cut [the tree] a little bit and then he would pull it with the truck. And when I cut it he did not do that. He did not pull it. So the tree - and the tree hit the ladder and I fell ..... Had he moved [the truck], the accident would not have happened. (Ex. "D" 57:16-21, 60:6-7)."

See Exh. H, 5.  Thus "[t]he plaintiff [sought] leave to amend his complaint to allege, *inter alia,* that the defendant failed to move the truck rather than moving it too quickly and to make it even clearer than the original complaint did that the defendant was supervising and controlling the entire operation. The complaint also alleges that the defendant encouraged the plaintiff to engage in an inherently dangerous activity." Id.

19. On September 5, 2019, the Court granted Mr. DeDeus' motion to amend the Underlying Complaint to the extent that the motion sought to conform the factual allegations in the Underlying Complaint to Mr. Dedeus' deposition testimony, i.e., paragraphs 10, 11, 12, 13, 14, and 15 b, c, d, and e of the proposed amended complaint. The amended complaint was filed with the Court on September 13, 2019; a copy is attached hereto as Exhibit I, and is hereinafter referred to as the "Amended Underlying Complaint."

20. The Amended Underlying Complaint alleges that Mr. DeDeus' December 31, 2015 accident happened in a completely different way, in direct conflict with the allegations of Mr. DeDeus' Underlying Complaint.

21. As noted above, Mr. DeDeus' Underlying Complaint alleged that Mr. Fabris "put his foot on the accelerator and moved the aforementioned motor vehicle, which was tied to a tree limb, in such a manner that the aforementioned tree limb struck the plaintiff, who was standing on a ladder in the area of the limb, causing the plaintiff, JOSE DEDEUS, to fall some twenty feet to the ground." Exh A, ¶11.  On the other hand, the Amended Underlying Complaint alleges that Mr. Fabris "failed to move the vehicle as he had indicated that he would when the limb began to fall," Exh. I, ¶13, and "when the limb fell it struck the ladder on which the plaintiff was standing causing the ladder and the plaintiff to fall to the ground." Id., ¶14.  There is no allegation in the Amended Underlying Complaint that Mr. DeDeus' injuries resulted from the use of the truck.

22. According to the plain language of the Amended Underlying Complaint, Mr. DeDeus does not allege that his injuries were "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." As a result, Mr. DeDeus' Amended Underlying Complaint does not satisfy the PIIC Auto Policy's insuring agreement; there is no coverage under the Policy with respect to Plaintiffs' claims; and PIIC has no obligation to indemnify or defend Mr. Fabris with respect to those claims.

<b><u>Allstate's Wrongful Refusal to accept PIIC's<br>July 26, 2019 Tender of Defense of the Underlying Action</u></b>

23. At the time of Mr. DeDeus' December 31, 2015 accident, Mr. Fabris was a Named Insured under the Allstate Auto Policy and the Allstate HO Policy, as well as the Allstate PUP Policy.

24. At the outset of its investigation into Mr. DeDeus' accident, Allstate learned that Mr. Fabris' version of how Mr. DeDeus' accident happened was in sharp contrast to the allegations of the original Underlying Complaint.

25. Allstate knew before the filing of Mr. DeDeus' Motion to Amend the Underlying Complaint that Mr. Fabris could be expected to testify, in substance, that Mr. DeDeus' injuries did not result from the use of the truck.

26. Allstate knew before the filing of Mr. DeDeus' Motion to Amend the Underlying Complaint that Mr. Fabris' explanation of how the accident happened gave rise to potentially covered claims under the Allstate Auto Policy and/or the Allstate HO Policy, as well as the Allstate PUP Policy.

27. Allstate knew before the filing of Mr. DeDeus' Motion to Amend the Underlying Complaint that it owed a duty to defend Mr. Fabris under its Auto Policy and/or the Allstate HO Policy (and that coverage under the Allstate PUP Policy would apply, as well).

28. Allstate expressly acknowledged its obligation to defend Mr. Fabris under the Allstate Auto Policy and the Allstate PUP Policy since the inception of this lawsuit. See Exhibit J.

29. Allstate expressly acknowledged its obligation to defend Mr. Fabris under the Allstate HO Policy after the Amended Underlying Complaint was filed. See Exhibit K.

30. Allstate has taken the position, in writing, that under Connecticut law the allegations of the Amended Underlying Complaint may result in a determination that Mr. DeDeus' bodily injury arises out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle. Exhibit J. Allstate has also taken the position, in writing, that in the event it is determined that Mr. DeDeus' injury did not arise

out of the ownership, maintenance or use, loading or unloading of an auto Allstate insures, there would be no coverage for Jose DeDeus' claims under the Allstate Auto Policy. Id.  But Allstate has failed and refused to acknowledge that, if that is the case, there would also be no coverage under the PIIC Auto Policy, and that the only remaining coverage would be provided by Allstate's $100,000 HO Policy and its $5,000,000 PUP Policy.

31. Allstate has not provided PIIC with an explanation of the legal basis of its coverage positions under its insurance policies; and has failed to acknowledge that the operative language of the Allstate Auto Policy with respect to coverage is materially different from, and broader in scope than, the coverage provided under the PIIC Auto Policy.

32. PIIC's July 26, 2019 Tender of Defense demanded that Allstate take over the defense of the Underlying Action within fifteen (15) days.  But despite Allstate's knowledge since the outset of its investigation of extrinsic facts that could give rise to covered claims against Mr. Fabris, and despite the allegations of the Amended Underlying Complaint that implicate the Allstate HO Policy, and despite its own expressly stated coverage positions (including that Allstate has had a duty to defend Mr. Fabris under its auto policy since the inception of the lawsuit, and under its homeowners policy following the amendment of the Underlying Complaint), Allstate has failed and refused to assume Mr. Fabris' defense.

33. Instead, Allstate claims it "has been providing a defense to Mr. Fabris under his Auto Policy and Personal Umbrella Policy since the inception of this lawsuit." Exhibit J. That claim is simply not true.

34. After the motion to amend the Underlying Complaint was filed, PIIC tendered the defense of Mr. Fabris back to Allstate. To accomplish that, PIIC requested Allstate to instruct its retained defense counsel (whether Attorney O'Donnell, or another attorney of Allstate's

choosing) to contact Attorneys Williams and Clemente to coordinate the transfer of Mr. Fabris' defense. Allstate has ignored PIIC's request.

35. Allstate has taken the position – contrary to the facts and applicable law -- that by virtue of Attorney O'Donnell maintaining a formal appearance in the Underlying Action on Mr. Fabris' behalf, Allstate has fulfilled its contractual duty to defend Mr. Fabris, and has no obligation to assume the active defense of Mr. Fabris from Attorneys Williams and Clemente.

36. As a result of Allstate's inexcusable inaction and failure to cooperate, PIIC has continued to bear the unwarranted expense of defending Mr. Fabris' in the action, including a possible jury trial of the case, despite that Allstate has the primary obligation to do so under the policies of insurance it issued to Mr. Fabris and his wife.

37. A jury trial is scheduled to begin on Monday, January 27, 2020.  PIIC's retained defense counsel (Attorneys Williams and Clemente) have been engaged in ongoing settlement discussions with Mr. DeDeus' counsel.  PIIC has repeatedly asked to speak with a representative of Allstate with respect to issues pertaining to a possible settlement of the case prior to trial.  But Allstate has remained silent; it will not discuss anything with a representative of PIIC, including but not limited to its settlement position. Allstate has not engaged at all in the settlement process.

## COUNT I

### (Declaratory Relief Regarding PIIC's Coverage Obligations)

38. PIIC incorporates by reference all of the allegations in contained in Paragraphs 1-37 above.

39. The actual controversy that has arisen between and among PIIC, Allstate and Allstate F&C regarding the extent and availability of coverage afforded for the claims asserted

against Joseph Fabris in the Underlying Action can be eliminated by a declaratory judgment from the Court pursuant to 28 U.S.C. §2201.

40. Specifically, based upon the foregoing, PIIC requests that the Court determine and declare that PIIC has no duty to defend or indemnify Joseph Fabris under the PIIC Auto Policy with respect to the claims set forth against Mr. Fabris in the Amended Underlying Complaint.

## COUNT II

**(Declaratory Relief Regarding Allstate's Breach of its Defense Obligation)**

41. PIIC incorporates by reference all of the allegations in Paragraphs 1-40 above.

42. Based upon the foregoing, PIIC requests that the Court determine and declare that Allstate has breached its duties by its failure to provide Joseph Fabris with a defense against the plaintiffs' claims in the Underlying Action, thereby estopping it from contesting its obligation to provide Mr. Fabris with indemnification coverage for the plaintiffs' claims up to the per occurrence limits of its applicable insurance policies.

## COUNT III

**(Declaratory Relief Regarding Allstate F&C's Breach of its Defense Obligation)**

43. PIIC incorporates by reference all of the allegations in Paragraphs 1-42 above.

44. Based upon the foregoing, PIIC requests that the Court determine and declare that Allstate F&C has breached its duties by its failure to provide Joseph Fabris with a defense against the plaintiffs' claims in the Underlying Action, thereby estopping it from contesting its obligation to provide Mr. Fabris with indemnification coverage for the plaintiffs' claims up to the per occurrence limits of its applicable insurance policies.

## COUNT IV

### (Equitable Contribution/Subrogation vs. Allstate)

45. PIIC incorporates by reference all of the allegations in contained in Paragraphs 1-44 above.

46. As a consequence of Allstate's wrongful refusal to provide Joseph Fabris with a defense against the claims asserted in the Amended Underlying Complaint in the Underlying Action, PIIC has been forced to incur and pay defense costs which should have been fully or partially paid by Allstate.

47. In addition, if Allstate persists in its refusal to afford defense and indemnification coverage to Joseph Fabris in the Underlying Action, PIIC may be required to incur settlement costs on his behalf which should be fully or partially paid by Allstate.

48. In light of the foregoing, PIIC requests that the Court grant it the right to obtain equitable contribution and/or subrogation against Allstate and order it to reimburse for all defense and settlement costs PIIC has incurred, or in the future incurs, on behalf of Joseph Fabris in the Underlying Action.

## COUNT V

### (Equitable Contribution/Subrogation vs. Allstate F&C)

49. PIIC incorporates by reference all of the allegations in contained in Paragraphs 1-48 above.

50. As a consequence of Allstate F&C's wrongful refusal to provide Joseph Fabris with a defense against the claims asserted in the Amended Underlying Complaint in the Underlying Action, PIIC has been forced to incur and pay defense costs which should have been fully or partially paid by Allstate F&C.

51. In addition, if Allstate F&C persists in its refusal to afford defense and indemnification coverage to Joseph Fabris in the Underlying Action, PIIC may be required to incur settlement costs on his behalf which should be fully or partially paid by Allstate F&C.

52. In light of the foregoing, PIIC requests that the Court grant it the right to obtain equitable contribution and/or subrogation against Allstate F&C and order it to reimburse for all defense and settlement costs PIIC has incurred, or in the future incurs, on behalf of Joseph Fabris in the Underlying Action.

## PRAYERS FOR RELIEF

WHEREFORE, Philadelphia Indemnity Insurance Company requests that the Court:

a. Declare that PIIC has no duty to defend or indemnify Joseph Fabris under the PIIC Auto Policy with respect to the claims set forth against Mr. Fabris in the Amended Underlying Complaint;

b. Declare that the Allstate F&C Auto Policy and/or the Allstate Homeowners Policy, and the Allstate PUP Policy, apply on a primary basis for the claims asserted against Joseph Fabris in the Underlying Action;

c. Declare that Allstate F&C and/or Allstate breached their defense obligations, thereby estopping them from contesting the availability of indemnity coverage for the claims asserted against Joseph Fabris in the Underlying Action up to the occurrence limits of their applicable insurance policies;

d. Declare that Philadelphia Indemnity Insurance Company is entitled to obtain equitable contribution and/or subrogation from Allstate for at least 50% of all defense, settlement and/or indemnity costs incurred on behalf of Joseph Fabris in the Underlying Action; and/or

e. Award Philadelphia Indemnity Insurance Company such other or further relief that the Court deems equitable and just.

Respectfully submitted,

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

                    By its attorneys,
                    SULLOWAY & HOLLIS P.L.L.C.

                    By: */s/ David W. Zizik*
                    David W. Zizik *(ct30635)*
                    40 Westminster Street, Suite 201
                    Providence, RI 02903
                    Tel: (401) 265-5151
                    dzizik@sulloway.com

Dated: January 21, 2020